### ENGLEMANN v. CUTTIE.

No. 20798.   Opinion Filed April 14, 1931.

O. A. Brewer and E. A. Blythe, for plaintiff in error.

R. H. Stanley, for defendant in error.

KORNEGAY, J. This is a proceeding in error coming from the district court of Choctaw county, Honorable Earl Welch being the trial judge. The proceeding started in the court below by the defendant in error, Sidney Cuttie, filing a suit in Choctaw county against Mary Englemann, the present plaintiff in error. The plaintiff claimed that he owned, in fee, the S.W.¼ of section 5, township 5 south, range 15 east, also lot 4 and the S.½ of the N.W.¼ and the S.W.¼ of the N.E.¼ of section 5, township 5 south, range 15 east, all in Choctaw county, Okla. It was an action to clear title and get possession of the land.

The defendant, Mary Englemann, claimed that she owned the land. Both parties traced title to Annie Cuttie, a Mississippi Choctaw, roll No. 24, who died without de-

scendants prior to the allotment of the land, and prior to statehood, and leaving next of kin a full brother, who is the plaintiff, and a half brother, Folsom Stoliby, who, claiming to be the sole heir, had sold the land to some other person who had in turn sold it to the defendant below, Mary Englemann. The allottee and the heirs were all full-blood Indians.

It was admitted that the ancestor, Annie Cuttie, died before she received patent for the land in the Choctaw Nation, and that the plaintiff, Sidney Cuttie, was a full-blood Indian and a Mississippi Choctaw, but not enrolled as a member on the rolls of the Choctaw and Chickasaw Nations of the Indian Territory. It further appears that the half brother, Folsom Stoliby, was a Mississippi Choctaw, and was duly enrolled. It is claimed by the plaintiff in error that because the plaintiff below, Sidney Cuttie, was not enrolled on the tribal rolls, he was not called to the inheritance in this case, and that, therefore, the half brother of the deceased allottee, being enrolled as a member of said tribe, succeeded to all of the property.

A great many decisions of this court, and of the federal courts, are cited. Statements made in various decisions are pieced together, and a very ingenious argument is made by the attorneys for the plaintiff in error, based upon these extracts, to show that the plaintiff, though a full brother, and a full-blood Indian, would not receive any of the allotment of his sister, but it would all go to a half brother, probably by a different father, as the record indicates, who happened to be enrolled. The record is silent as to whether any of the immediate ancestors of the allottee were members by enrollment of the Choctaw Tribe of Indians.

The counter argument is made in the same manner, that by taking extracts of various decisions, the full brother would succeed as an heir. There seems to be no serious contention here that the full brother was entitled to more than one-half of the land, though in the petition it was claimed that he owned it all. The trial court held that the land should be divided between the plaintiff below, the present defendant in error, and the defendant below, the present plaintiff in error.

We will not undertake to review the various decisions that have been cited, as it would serve no useful purpose. The applicable statutes appear to be the Act of 1902, approved July 1, 1902, 32 Stat. at L. 641, ratifying and confirming an agreement with the Choctaw and Chickasaw Tribes of Indians, which was ratified by them on the 25th of September, 1902, and the Original Act of 1898 (30 Stat. 495). They provided for a scheme of allotment, and under that scheme of allotment the title to the land passed from the tribe to Annie Cuttie, and a patent was issued for it in 1907. She died before statehood. There were certain provisions for the Mississippi Choctaws. Evidently the allottee availed herself of the provisions, so that patent issued to her for the land.

The plaintiff below did not enroll as a member of the tribe. The grantor of the defendant below did enroll as such. For the purpose of ascertaining who would succeed to the allotments in the event of the death of the allottee, Mansfield's Digest of the Statutes of Arkansas was made applicable. That law, in section 2522, provided that the brothers and sisters would succeed in default of descendants and of mother and father and of spouse. The applicable provisions are sections 2522, 2528, and 2533. Section 2533 provided that relations of the half-blood inherit equally with those of the whole blood in the same degree, excluding from the inheritance, however, those who are not of the blood of the ancestor from whom the land is derived.

As the law in general terms puts in force the law of descent and distribution as contained in Mansfield's Digest, we hold that the fact that the claimant below had not been enrolled as a member of the tribe, did not affect his right to inherit from the allottee in this case. The court below divided the land between the plaintiff and the defendant. We see no reason for disturbing the judgment of the court below, and it is accordingly affirmed.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur.

CLARK, V. C. J., and RILEY, J., absent.